**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

LARRY EDMOND WILLIAMS                                        PLAINTIFF
# 652057

v.                              4:24CV00489-JM-JTK

MCMILLER, et al.                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      Introduction**

Larry Edmond Williams ("Plaintiff") was in custody at the WC Dub Brassell Detention Center (the "Detention Center") at the time he filed this pro se action under 42 U.S.C. § 1982. (Doc. No. 2 at 3). Plaintiff has since been released. (Doc. No. 25). Plaintiff sued Nurse McMiller and Dr. Windell Johnson in their personal and official capacities alleging deliberate indifference to his serious medical needs. (Doc. No. 2 at 2, 4-5). Plaintiff's claims against Nurse McMiller were dismissed for lack of service and failure to prosecute. (Doc. Nos. 16, 22). Only Plaintiff's claims against Defendant Johnson remain pending.

Defendant Johnson filed a Motion for Summary Judgment on the merits of Plaintiff's claims, Brief in Support, and Statement of Facts. (Doc. Nos. 29-31). On May 5, 2025, the Court directed Plaintiff to respond to Defendant Johnson's Motion within thirty (30) days, or by June 4, 2025. (Doc. No. 32). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendant Johnson's summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.) To date, Plaintiff has not filed a response.

After careful consideration, the Court recommends Defendant Johnson's Motion be granted and Plaintiff's claims be dismissed with prejudice.

## II.    Plaintiff's Complaint

Plaintiff's statement of claim reads:

On February 7, 2024, after being rushed to [the] emergency room from GI [illegible] flare caused by improper diet of beans and processed bologna I was seen by Doctor Johnson and Nurse McMiller. I made sure doctor and nurse were fully aware of all my medical conditions and hospital that treated me. I signed medical releases for McMiller and Johnson to have full access and knowledge of records. Informed them Baptist diagnosed me with [Crohn's]. Sgt. Trevor my escort even witnessed Doctor Grayhill state Jefferson County hospital did not have GI team to handle my disorder and should have immediate treatment for care and proper medication. Johnson told me he would follow up in two weeks and did not until three months later. After two denials in which I requested to be taken to hospital on April 30 at 5:32 and May 1 20:30 and production of bloody tissue to McMiller in front of J. Bryan to prove internal bleeding. I had to be rushed back to emergency room due to another life-threatening flare on May 8, 2024, from improper diet of beans and turkey bologna in which different doctor gave same referral for immediate outpatient treatment. Johnson then followed up stating since I was not displaying all the signs of [Crohn's] at once he would check with Baptist but did not see the need for my [illegible] treatment trying to imply it was irritable bowel syndrome and not treat me or see need for immediate treatment. Electronic record will clearly produce facts I am stating. In front of three testifying witness Charlie Irvin, Terry McCoy, and Leon Bowes which have signed witness statements I have enclosed. Major Tompkins head transportation informed me nurse McMiller had lied to me when she told me transportation was reason I still have not been to treatment and she was unaware McMiller even disrespected me and hollered at me in front of these witnesses on May 2, 2024, at 10:46 p.m. just for me requesting her to bring medications she

forgot.  It has been four months and I have suffered internal damage fighting for my life without proper medications, diet, and treatment.  All facts records will easily prove.

(Doc. No. 2 at 4-5).  As mentioned in his statement of claim, Plaintiff attached three witness statements to his Complaint.  (Id. at 7-9).  Plaintiff seeks damages.  (Id. at 6).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving

party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Analysis

Plaintiff sued Defendant Johnson in his personal and official capacities. For the reasons set out below, summary judgment in Defendant Johnson's favor is appropriate as to all claims.

### A.    Personal Capacity Claims—Deliberate Indifference to Serious Medical Needs

Plaintiff identified himself as a pretrial detainee. (Doc. No. 2 at 3). Detention center officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Id. "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendant Johnson's Motion.   He has not controverted any material fact set forth by Defendant Johnson in his statement of undisputed material facts.  Accordingly, all material facts submitted by Defendant Johnson (Doc. No. 31) are deemed admitted.  Local Rule 56.1(c); FED. R. CIV. P. 56(e).    The undisputed facts follow.

Plaintiff claimed that Defendant Johnson was deliberately indifferent to Plaintiff's self-reported diagnosis of Crohn's Disease sometime in 2024.  (Doc. No. 31 at ¶ 1).  The first time Defendant Johnson saw Plaintiff was on February 27, 2024. Plaintiff's chief complaint was "mental health referral, Crohn's, migraine." (Id. at ¶ 2).  On February 27, 2024, Defendant Johnson took a full history and completed a full physical examination. Plaintiff's weight was 179 lbs. (Id. at ¶ 3).  Given Plaintiff's report of Crohn's, Defendant Johnson prescribed metronidazole (an antibiotic) and methylprednisolone (a steroid). Plaintiff was referred for mental health. (Id.  at ¶ 4).  Plaintiff did not request to be seen by Defendant Johnson during the months of March and April 2024. (Id. at ¶ 5).

On May 8, 2024, the Detention Center took Plaintiff to the Jefferson Regional Medical Center Emergency Department after he reported blood in his stool.  Plaintiff told hospital staff he had blood in his stool approximately 12 hours prior and had a history of Crohn's disease. (Id. at ¶ 6). The emergency room records reflect that Plaintiff was noted to have received "recent treatment for similar symptoms."  His weight was 199 lbs.  The emergency room physician noted "crohns disease??" under past medical history.  (Doc. No. 31 at ¶ 7).  A CT angiogram of the abdomen and pelvis was completed and showed "1. No active gastrointestinal bleed. No apparent hemorrhage in the gastrointestinal tract. 2. Descending colon and sigmoid colon diverticulosis without diverticulitis or active diverticular bleeding."  (Id. at ¶ 8).  The working diagnosis of the emergency

room physician was diverticulitis, food poisoning, gas and GI bleed, and the physician "called Baptist transfer center to send patient for GI consult. Patient was accepted. Later patient refused to go to Baptist. Stat[e]s that he would f/u with GI as outpatient basis." (Id. at ¶ 9).

The only treatment plan charted by the emergency room physician was for Plaintiff to follow up with a GI specialist.  Plaintiff was provided discharge instructions for irritable bowel syndrome.  No medication or further treatment was recommended.  (Id. at ¶ 10).  The next day, on May 9, 2024, Defendant Johnson requested that the Detention Center "send referral to a gastroenterologist as he was diagnosed with IBS after his visit to the ER on 5/8/24." (Id. at ¶ 11). Plaintiff was then evaluated by Defendant Johnson on May 14, 2024.  The reason for the visit was "abdominal pain, questionable IBS, questionable Crohn's."  Defendant Johnson planned to obtain the records from Baptist Hospital in 2020 and educated Plaintiff on the colonoscopy referral. (Id. at ¶ 12).  Plaintiff again reported a prior diagnosis of Crohn's disease made at Baptist Hospital in 2020. (Doc. No. 31 at ¶ 13).  Defendant Johnson noted Plaintiff had just returned from the hospital, where he was diagnosed with "possible IBS," and that Plaintiff "has not had any more symptoms" and "denies any additional complaints at this time." (Id. at ¶ 14).

The Detention Center obtained Plaintiff's records from Baptist Health. None of those records indicate that Plaintiff was ever diagnosed with Crohn's Disease. (Id. at ¶ 15).  Defendant Johnson saw Plaintiff again on May 29, 2024, for stomach complaints; Defendant Johnson prescribed a high fiber diet and again requested a referral to a gastroenterologist. (Id. at ¶ 16).  The last time Defendant Johnson saw Plaintiff was on July 16, 2024. At that time, Defendant Johnson was able to confirm Plaintiff did not have Crohn's per history, and thought Plaintiff had some gastritis. (Id. at ¶ 17).  As of October 26, 2024, Plaintiff was no longer in custody at the Detention Center and was living in the free world. (Id.  at ¶ 18).

Defendant Johnson saw Plaintiff each time a request was submitted, prescribed Plaintiff medications for his complaints, and referred Plaintiff for further evaluation by a gastroenterologist.

Where, as here, Defendant Johnson moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude partial summary judgment in Defendant Johnson's favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). On the contrary, there are no disputed issues of fact that would make summary judgment in Defendant Johnson's favor inappropriate; under the circumstances of this case, no reasonable jury could find that Defendant Johnson was deliberately indifferent to Plaintiff's serious medical needs. Accordingly, summary judgment in Defendant Johnson's favor on Plaintiff's personal capacity claims is appropriate.

### B.    Official Capacity Claims

Summary judgment in Defendant Johnson's favor is also appropriate on Plaintiff's official capacity claims. Because Plaintiff did not establish that Defendant Johnson acted with deliberate indifference, Plaintiff's official capacity claim fails.

## V.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendant Johnson's Motion for Summary Judgment (Doc. No. 29) be GRANTED;

2.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED with prejudice.

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 5th day of June, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE